**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

DEANGELO MITCHELL,

                    Plaintiff,

    v.

CHRIS PIAETE, *et al.*,

                   Defendants.

Case No. 3:25-CV-00139-MMD-CLB

**ORDER DENYING MOTION
TO APPOINT COUNSEL**

[ECF No. 18]

Before the Court is Plaintiff DeAngelo Mitchell's ("Mitchell") motion for appointment of counsel. (ECF No. 18). Defendants did not oppose. For the reasons discussed below, Mitchell's motion for appointment of counsel is denied.

There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.) While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the Plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such

a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

In his motion for appointment of counsel, Mitchell argues he should be appointed counsel because the case involves complex scientific and medical issues, including expert testimony regarding: (1) the medical standard for responding to carbon monoxide exposure; (2) the expected dissipation rate of CO in the bloodstream; (3) the impact of a four-month delay and a twenty-hour post-shift test; and (4) the long-term consequences of untreated exposure." (ECF No. 18 at 3.) Mitchell further argues that because he is incarcerated, he has no independent access to toxicology experts, cannot retain medical records, cannot meaningfully interpret advanced medical records, and cannot effectively conduct discovery. (*Id.* at 4.) The motion is also typed, instead of being handwritten, indicating that someone other than Mitchell drafted, printed, and mailed the motion to him to be signed and submitted.

Here, the Court finds that exceptional circumstances do not exist. The Court screened Mitchell's operative complaint and allowed him to proceed on two Eighth Amendment claims, one for conditions of confinement and the other for deliberate indifference to serious medical needs. (*See* ECF No. 7.) Thus, the nature of the case is not necessarily more complex than cases typically brought by other *pro se* litigants, which also frequently involve claims for Eighth Amendment deliberate indifference to serious medical needs. Furthermore, it is clear from the motion for counsel itself that Mitchell can articulate the specific scientific and medical expert testimony he seeks, indicating that he has a somewhat sophisticated understanding of the more complex portions of his claims.

Mitchell also argues in part that he is unable to conduct discovery because he is incarcerated. However, Mitchell does not explain why he is facing more difficulties than those faced by every litigant proceeding *pro se*. *Wood*, 900 F. 2d at 1335-36. Moreover, Defendants have not yet filed an answer in this case and discovery has not yet opened.

2

Thus, at the current juncture, the need for expert witnesses has not yet been triggered. Additionally, difficulty in accessing or retaining medical experts is a difficulty faced by almost every *pro se* litigant raising Eighth Amendment deliberate indifference to medical needs claims, which standing alone does not rise to the level of exceptional circumstances.

Because Mitchell has not yet demonstrated exceptional circumstances, his motion for appointment of counsel, (ECF No. 18), is **DENIED**.

**DATED**: April 9, 2026.

_____
**UNITED STATES MAGISTRATE JUDGE**

3